Filed 3/10/23  P. v. Belmonte CA5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN GARCIA BELMONTE,<br><br>Defendant and Appellant. | F080443<br><br>(Super. Ct. No. F09903119)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from an order of the Superior Court of Fresno County.  Alan M. Simpson, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

**INTRODUCTION**

Defendant Juan Garcia Belmonte was convicted of first degree murder and kidnapping in 2010. The jury also found true a felony-murder special-circumstance allegation the murder was committed while engaged in a kidnapping pursuant to Penal Code section 190.2, subdivision (a)(17)(B), and a vicarious arming enhancement pursuant to section 12022, subdivision (a)(1). (Undesignated statutory references are to the Penal Code.) Defendant petitioned for resentencing under Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) in 2019. The court denied the petition without appointing defendant counsel, concluding defendant had not established a prima facie showing for relief because, with the intent to kill, he aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of the murder in the first degree. On appeal, defendant challenged the court's denial of his petition before appointing him counsel.

We previously affirmed the court's order in an unpublished opinion, concluding the record established defendant was ineligible for resentencing as a matter of law based on the true finding on the special circumstance allegation. Defendant petitioned for review. The California Supreme Court granted and held the petition and deferred action pending its consideration and disposition in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). It then transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of *Strong*.

We now reverse the court's order and remand the matter for the court to hold further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

In 2010, a jury convicted defendant of first degree murder (§ 187; count 1) with a special circumstance that the murder was committed during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)).

2.

In 2019, defendant filed a petition for resentencing pursuant to section 1172.6.[1] He averred a charging document had been filed against him allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; at trial, he was convicted of first degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of murder in light of changes made to sections 188 and 189, effective January 1, 2019 (pursuant to Sen. Bill 1437). He also stated he was convicted of first degree murder but could not now be convicted because he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; and he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime. He also requested the appointment of counsel.

Before the People submitted a response brief, the court summarily denied the petition without appointing defendant counsel or holding a hearing. Instead, it concluded defendant was categorically ineligible for relief. In its order the court explained:

> "Petitioner, Juan Garcia Belmonte has failed to make a prima facie showing that he falls within the provisions of … section [1172.6]. The condition set out at … §[1172.6](a)(3) does not apply. Petitioner with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first. Petitioner is not eligible for resentencing."

We previously affirmed the court's order, concluding the record established defendant was ineligible for resentencing as a matter of law based on the true finding on the special circumstance allegation. Defendant petitioned for review. The California

---

[1]Effective June 30, 2022, the Legislature renumbered then effective section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute at that time, although prior changes had been implemented effective January 1, 2022. There is no dispute in this case that turns on any of these changes. For purposes of clarity, we refer to the statute as section 1172.6.

Supreme then transferred the case back to us with directions for our court to vacate our decision and reconsider the cause in light of *Strong*.

**DISCUSSION**

We now reconsider the court's denial of the petition for resentencing, reverse the court's order, and remand for further proceedings.

## I.     Senate Bill 1437 and Senate Bill 775

On September 30, 2018, the Governor signed Senate Bill 1437, which became effective on January 1, 2019. Senate Bill 1437 "amend[s] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability. (Stats. 2018, ch. 1015, §§ 2–3.)

Accordingly, section 188 now provides that, "[e]xcept as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. *Malice shall not be imputed to a person based solely on his or her participation in a crime*." (§ 188, italics added.) The change reflects the Legislature's intent that "a person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Additionally, section 189 previously stated, "All murder … which is committed in the perpetration of, or attempt to perpetrate, arson, rape, carjacking, robbery, burglary, mayhem, kidnapping, train wrecking, or any act punishable under Section 206, 286, 288, 288a, or 289, or any murder which is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to

4.

inflict death, is murder of the first degree." Senate Bill 1437 amended section 189, in part, by adding subdivision (e), which provides:

> "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The legislation also added section 1172.6, which provides a procedure by which defendants whose cases are final can seek retroactive relief if the changes in the law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, § 4.) Initially, section 1172.6 (former § 1170.95) permitted those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts …." (Stats. 2018, ch. 1015, § 4, subd. (a).)

In Senate Bill 775 (2021–2022 Reg. Sess.) (Senate Bill 775), effective January 1, 2022, the Legislature amended the language of section 1172.6, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.) Section 1172.6 now provides that, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).) "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) If the petitioner has made such a showing that the petitioner is entitled to relief, the court "shall issue an order to show cause." (*Ibid.*) "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Ibid.*) Within 60 days after the

order to show cause has issued, the trial court must then hold a hearing "to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." (§ 1172.6, subd. (d)(1).)

## II. Analysis

Defendant contends the trial court erred by denying his petition, which he argues was facially sufficient, before appointing him counsel in violation of statutorily required procedures and his due process rights. He asserts the court's order dismissing his petition failed to state the evidentiary basis for its denial and it was unsupported by evidence in the record. He further contends the court engaged in factfinding to conclude he was ineligible for relief. On reply, defendant contends the superior court did not rely on the felony-murder special circumstance as a basis for its summary dismissal. Rather, the court's order reflected it found he had the intent to kill. Irrespective, he argues the special circumstance finding did not "justif[y] a summary dismissal of the petition without the appointment of counsel and without affording [him] an opportunity to be heard." In support, he relies on *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), both decided after defendant's conviction. He argues these decisions by the California Supreme Court "altered the understanding" of what it means to be a major participant who acted with reckless indifference. He asserts "the verdict reached in the prior trial does not necessarily establish, indisputably and as a matter of law, what the outcome would be in a trial held today." The People initially asserted the jury's special circumstance finding rendered defendant categorically ineligible for relief. However, they now agree, in light of *Strong*, reversal of the court's order and further proceedings are appropriate.

6.

In *Strong*, *supra*, 13 Cal.5th 698, the California Supreme Court held that a special circumstance finding entered pursuant to section 190.2, subdivision (a)(17) prior to the court's decisions in *Clark* and *Banks* does not preclude a section 1172.6 petitioner from making a prima facie showing of eligibility for relief.[2] (*Strong*, at p. 703.)

In light of *Strong*, we advised the parties of our intention to reverse and remand this matter and hold further proceedings pursuant to section 1172.6, subdivision (c). We afforded the parties an opportunity to file objections to this proposed disposition. Defendant did not submit any objections and, in a supplemental brief, the People agree the special circumstance finding, which predated *Banks* and *Clark*, does not render defendant categorically ineligible for resentencing under section 1172.6. Thus, they concede the court's order denying defendant's petition for resentencing should be reversed and the matter remanded for further proceedings consistent with *Strong*.

Because, here, the special circumstance finding was made before *Banks* and *Clark*, it is not preclusive on prima facie review of the petition under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.) And the petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6.

Accordingly, we reverse the court's order and remand with directions for the trial court to appoint defendant counsel and for further proceedings consistent with section 1172.6, subdivision (c). We express no opinion on the ultimate resolution of the petition.

## DISPOSITION

The court's order denying defendant's petition for resentencing is reversed and the matter is remanded for further proceedings consistent with this opinion.

---

[2]*Banks* and *Clark* "substantially clarified the law" regarding "what it means to be a major participant and … to act with reckless indifference to human life." (*Strong*, *supra*, 13 Cal.5th at pp. 706–707.)